NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY HERNAN BETANCURT CARDOZA,<br><br>               Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   18-73298<br><br>Agency No. A070-639-974<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023**
San Francisco, California

Before:  FRIEDLAND, BADE, and KOH, Circuit Judges.

Henry Hernan Betancurt Cardoza ("Betancurt Cardoza"), a native and

citizen of Guatemala, petitions this court for review of a decision of the Board of

Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ")

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of Betancurt Cardoza's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part and deny in part.[2]

1. The BIA's determination that Betancurt Cardoza did not show past persecution on account of a protected ground is supported by substantial evidence. Betancurt Cardoza argues that the threats and beatings he received as a minor for his refusal to join either side in the Guatemalan civil war before he came to the United States in 1990 constituted persecution. An army's "attempts to force a person to join" are not independently sufficient to show persecution on account of a protected ground; an asylum applicant must show that the army selectively recruited members of a protected group. *See Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1151 (9th Cir. 2000). Here, the BIA found that Betancurt Cardoza was targeted not because of his age or his political decision to remain neutral but because he was "physical[ly] presen[t] in the midst of the conflict." The record

---

[1] Betancurt Cardoza's petition also challenges the IJ's pretermission of his application for cancellation of removal on account of a prior conviction. Because Betancurt Cardoza did not challenge that pretermission decision before the BIA, we lack jurisdiction to address it here. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

[2] In light of our ruling, the motion for a stay of removal is denied as moot. The temporary stay of removal will remain in place until the mandate issues.

does not compel a contrary conclusion.[3]

2. The BIA's determination that Betancurt Cardoza did not establish a well-founded fear of future persecution is also supported by substantial evidence. Betancurt Cardoza testified that he feared that individuals in Guatemala were looking for him to seek revenge for his failure to join either side in the Guatemalan civil war and that he feared gangs, which sometimes extort people with relatives in the United States. Substantial evidence supports the BIA's conclusion that these concerns, while genuine, lacked the requisite nexus to a protected ground and were too speculative to establish an "objectively reasonable" fear of future persecution. *See Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016 (9th Cir. 2003). Accordingly, we deny the petition for review as to Betancurt Cardoza's asylum and withholding of removal claims. *See Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003) (failure to satisfy "well-founded fear" standard for asylum precludes succeeding on "more stringent" standard for withholding of removal).

3. Finally, substantial evidence supports the BIA's determination that Betancurt Cardoza did not establish a clear probability that he would be tortured with the consent or acquiescence of the Guatemalan government. As with the asylum and withholding claims, Betancurt Cardoza's concerns about the risks he

---

[3] Because Betancurt Cardoza did not show past persecution on account of a protected ground, he was not eligible for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

3

faces in Guatemala are too speculative to compel the conclusion that Betancurt Cardoza is more likely than not to be tortured in Guatemala. *See, e.g.*, *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

**PETITION DENIED IN PART AND DISMISSED IN PART.**